**ORIGINAL**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANTA CLARA PARTNERS MORTGAGE CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PARTNERS MORTGAGE, INC., a Massachusetts corporation,<br><br>Defendant. | Civil Action No. 04 12363 JLT<br><br>**Complaint for Trademark Infringement, False Designation, Unfair or Deceptive Acts or Practices, Common Law Trademark Infringement, and Unfair Competition** |

MAGISTRATE JUDGE Bowler

RECEIPT # 59433
AMOUNT $150
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. TOM
DATE 11/6/04

Plaintiff Santa Clara Partners Mortgage Corporation complains and alleges as follows:

## NATURE OF THE ACTION

1.  This is an action for monetary damages and preliminary and permanent injunctive relief for (i) infringement of a Federally Registered Trademark in violation of §32 of the Lanham Trademark Act of 1946 (the "Lanham Act"), as amended, 15 U.S.C. Section 1051 *et seq*.; (ii) the use of false designations of origin in violation of §43(a) of the Lanham Act, 15 U.S.C. § 1125; (iii) unfair or deceptive business practices in violation of Massachusetts General Laws Chapter 93A; and (iv) unfair competition in violation of federal, state and common law.

## THE PARTIES, JURISDICTION, AND VENUE

2.  Plaintiff Santa Clara Partners Mortgage Corporation is a California corporation formed in 1988, and resident in the City of San Jose, County of Santa Clara, California.

3.  Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, defendant Partners Mortgage, Inc. is and was a Massachusetts corporation formed in 1999, and resident in the City of Belmont, County of Middlesex, State of Massachusetts.

4.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b) and 1367(a), pursuant to the Lanham Act, 15 U.S.C. §§ 1114, 1121

1

and 1125, and under the supplemental jurisdiction of the Lanham Act.

5. Venue is proper in this District under 28 U.S.C. §1391 (b) and (c) because defendant Partners Mortgage, Inc.'s principal places of business is situated here.

## STATEMENT OF THE FACTS

6. Plaintiff is an established company whose principal business is to provide real estate services, particularly mortgage banking and brokerage, mortgage lending and maintaining mortgage escrow accounts.

7. Plaintiff is the owner of the federally registered service mark PARTNERS MORTGAGE® with Federal Trademark Registration No. 2246960 (sometimes referred to herein as "Plaintiff's Mark"). Plaintiff first used this service mark in 1988, and the mark has been registered with the United States Patent and Trademark Office since 1999. (A copy of the federal registration is attached hereto as Exhibit A).

8. Plaintiff's Federal Trademark Registration is current, outstanding and valid.

9. Continuously since in or about 1988, plaintiff has used the mark PARTNERS MORTGAGE® to identify its services and to distinguish them from those offered by others, by, among other things, prominently displaying Plaintiff's Mark on offices, letterhead, bills, advertising, mailers, telephone directories, periodicals, and one or more Internet web sites.

10. Upon information and belief, Defendant is and has been engaged in the business of providing real estate services such as mortgage banking and brokerage.

11. Upon information and belief, Defendant has infringed Plaintiff's Mark in interstate commerce by various acts, including operating a business under the name "Partners Mortgage", advertising using the name "Partners Mortgage", operating a web site using the name "Partners Mortgage", and use of the name "Partners Mortgage" in connection with real estate services such as mortgage banking and brokerage. Such use of Plaintiff's Mark by Defendant is without permission or authorization of Plaintiff and all such use by Defendant is likely to cause, and actually has caused, confusion, or mistake, or to deceive.

12. Plaintiff has never authorized Defendant to use Plaintiff's Mark PARTNERS

MORTGAGE® or any other similar term thereto, as part of its company name, as a service mark or otherwise in connection with its business.

13.     On or about May 5, 2004, Plaintiff first gave actual notice to Defendant that its mark is registered in the U.S. Patent and Trademark Office. Plaintiff requested that Defendant cease and desist from its acts of trademark infringement and unfair competition and gave Defendant actual notice of Plaintiff's registration. Defendant refused, and continues to refuse, to cease such acts.

14.     By reason of Defendant's acts alleged herein, Plaintiff has and will suffer damage to its business, reputation and good will and the loss of profits Plaintiff would have made but for Defendant's acts.

15.     Defendant threatens to continue to do the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable damage. It will be difficult to ascertain the amount of damages which would afford Plaintiff adequate relief for such continuing acts. Plaintiff's remedy at law, therefore, is not adequate to compensate it for injuries actual and threatened.

### COUNT ONE

**(Trademark Infringement Under The Lanham Act, 15 U.S.C. §1114)**

16.     Plaintiff realleges and incorporates herein by this reference the preceding paragraphs of this complaint as though fully set forth herein.

17.     Defendant has infringed Plaintiff's Mark in interstate commerce by various acts, including operating a business under the name "Partners Mortgage," advertising using the name "Partners Mortgage", operating a web site using the term "Partners Mortgage", and use of the name "Partners Mortgage" in connection with its real estate services including mortgage banking and brokerage. Such use of Plaintiff's Mark by Defendant is without permission or authorization of Plaintiff.

18.     Defendant's acts complained of herein constitute the use of a reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered Mark PARTNERS MORTGAGE

3

® and the Federal registration covering the same, as evidenced by its Reg. No. 2246960, in connection with Defendant's real estate business, in a manner which is likely to cause confusion or mistake, or to deceive, in violation of §32 of the Lanham Act, 15 U.S.C. §1114.

19. Defendant's unauthorized use of Plaintiff's Mark PARTNERS MORTGAGE® has caused, is causing, will continue to cause, and is likely to cause, confusion or mistake or to deceive as to the source or origin of Defendant's services and as to the relationship between Plaintiff and Defendant.

20. Plaintiff has demanded that Defendant cease and desist all such infringing, confusing and improper use of any and all confusingly similar marks, and Defendant has failed and refused and continues to fail and refuse to cease such improper use.

21. Defendant's heretofore alleged acts of trademark infringement have been committed with the intent to cause confusion, mistake and to deceive. Plaintiff has several times demanded that Defendant cease and desist from all such infringing and improper use, and Defendants has refused and continues to refuse to do so.

22. Furthermore, Defendant's acts complained of herein are being conducted with full knowledge of Plaintiff's rights, and such acts therefore constitute willful infringement.

23. Unless enjoined by this Court, Defendant's acts of infringement will continue.

24. As a result of such infringement, Plaintiff is entitled to damages, costs of suit and injunctive relief against Defendant.

## COUNT TWO

**(False Designation Under Section 43(a) of The Lanham Act, 15 U.S.C. §1125(a))**

25. Plaintiff realleges and incorporates herein by this reference the preceding paragraphs of this complaint as though fully set forth herein.

26. Defendant is intentionally using the name "Partners Mortgage" as part of its company name and as a service mark in interstate commerce, with the false designation and representation that it is affiliated with Plaintiff, by its use of Plaintiff's Mark PARTNERS MORTGAGE® in connection therewith

27. This use of Plaintiff's Mark is a false designation of origin which is likely to cause, and actually has caused, confusion, or mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of such real estate services by Plaintiff.

28. This use by Defendant of Plaintiff's Mark and Defendant's false designation of origin have actually caused confusion among those with whom Plaintiff does business.

29. These acts by Defendant are in violation of Plaintiff's rights under 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a), in that Defendant has used in connection with the services a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, or mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff and as to the origin, sponsorship, and approval of Defendant's services and commercial activities by Plaintiff.

30. Defendant committed these acts willfully, intentionally and maliciously.

31. Unless enjoined by this Court, Defendant will continue its acts of false designation of origin.

32. As a result of Defendant's acts, Plaintiff has suffered and continues to suffer substantial harm, and is entitled to damages, costs and other remedies against Defendant.

## COUNT THREE

### (Unfair or Deceptive Acts or Practices Under Mass. G.L. ch.93A)

33. Plaintiff realleges and incorporates herein by this reference the preceding paragraphs of this complaint as though fully set forth herein.

34. Plaintiff's business is affected by Defendant's actions in the Commonwealth of Massachusetts, and Plaintiff is engage in business with others who interact with Defendant within the Commonwealth of Massachusetts, and Plaintiff advertises its business on one or more websites within the Commonwealth of Massachusetts, all under and in connection with its PARTNERS MORTGAGE® trade name and service mark.

35. Defendant is engaged in trade or commerce in the Commonwealth of Massachusetts, and by using the term "Partners Mortgage" as part of its company name, and as a mark for its services in the Commonwealth, has caused and is likely to continue to cause confusion, mistake and deception with respect to the source or origin of its services and the relationship between Defendant and Plaintiff.

36. By virtue of the acts alleged herein, Defendant has engaged in unfair or deceptive acts or practices in violation of Mass. G.L. ch.93A.

37. As a result, Plaintiff has suffered substantial injury.

38. Defendant's unfair and deceptive acts or practices were committed willfully and knowingly by Defendant.

39. Unless enjoined by this Court, such acts by Defendant will continue.

40. Accordingly, Plaintiff is entitled to recover up to three times the actual damages that it has suffered, as well as its costs and attorney's fees.

## COUNT FOUR

### (Common Law Trademark Infringement and Unfair Competition)

41. Plaintiff realleges and incorporates herein by this reference the preceding paragraphs of this complaint as though fully set forth herein.

42. Continuously since on or about 1988, plaintiff has used the mark PARTNERS MORTGAGE® to identify its services and to distinguish them from those offered by others, by, among other things, prominently displaying Plaintiff's Mark on offices, letterheads, bills, advertising, mailers, telephone directories, periodicals, and one or more Internet web sites.

43. This use of Plaintiff's Mark has included use with vendors and others doing

business nation-wide.

44. These services and advertising have been distributed in the trade area where Defendant is doing business. As a result of these services and advertising by Plaintiff under Plaintiff's Mark, it has come to indicate to those with whom Plaintiff does business, that the company and services with whom they are doing business, originate only with Plaintiff. As a result of this association by those with whom Plaintiff does business of the mark PARTNERS MORTGAGE® with Plaintiff, Defendant's use of the mark and name "Partners Mortgage" is likely to cause confusion with such persons and entities.

45. Defendant has infringed Plaintiff's common law PARTNERS MORTGAGE trademark in connection with Defendant's sale or offer of sale of real estate services in connection with the term "Partners Mortgage."

46. Defendant's infringement of Plaintiff's common law trademarks has been knowing, willful and intentional, and done without any authorization or permission from Plaintiff and with full knowledge and awareness of Plaintiff's established rights.

47. These acts of Defendant constitute unfair competition, false designation of origin, and an infringement of Plaintiff's common law rights in the mark PARTNERS MORTGAGE®.

48. Defendant committed these acts willfully.

49. Defendant is therefore liable to Plaintiff for common law trademark infringement and unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SANTA CLARA PARTNERS MORTGAGE CORPORATION prays for judgment against Defendant PARTNERS MORTGAGE, INC. as follows:

A. Entry of a preliminary injunction, to be effective throughout the pendency of this action, enjoining Defendant, its employees, agents, officers, successors, and assigns, or others in privy therewith or under its control, and any and all persons acting by or under the authority of Defendant or in privity with it:

(1) from directly or indirectly using the name "Partners Mortgage" or any other mark, word, or name similar to Plaintiff's Mark PARTNERS MORTGAGE® which is likely to cause confusion, mistake or to deceive; and

(2) from otherwise unfairly competing with Plaintiff.

B. Entry of a permanent injunction perpetually enjoining Defendant, its employees, agents, officers, successors, and assigns, or others in privy therewith or under its control, and any and all persons acting by or under the authority of Defendant or in privity with it:

(1) from directly or indirectly using the name "Partners Mortgage" or any other mark, word, or name similar to Plaintiff's Mark PARTNERS MORTGAGE® which is likely to cause confusion, mistake or to deceive; and

(2) from otherwise unfairly competing with Plaintiff.

(3) from engaging in any other activity constituting an infringement of Plaintiff's PARTNERS MORTGAGE® Mark or constituting unfair competition with Plaintiff; and

(4) from assisting, aiding and abetting any other person or business entity in engaging in any activities referred to in subparagraphs (1) through (3) above.

C. Entry of judgment ordering that all labels, signs, prints, promotions, advertisements, letterhead, business cards, collateral literature and media, and web pages in the possession or control of Defendant bearing the name "Partners Mortgage" and all plates, molds, matrices and other means of making the same, shall be delivered to Plaintiff for destruction.

D. Entry of judgment requiring Defendant, within thirty days after the service of judgment upon it, to file with the Court, and serve upon counsel for Plaintiff, a written report under oath setting forth in detail the manner in which Defendant has complied with paragraphs A through C above.

E. Entry of judgment finding that Defendant, through its use of the name "Partners Mortgage", has infringed Plaintiff's Federally registered mark PARTNERS MORTGAGE® under 15 U.S.C. §1114;

F.    Entry of judgment finding that Defendant, through its use of the name "Partners Mortgage", has created false designations of origin and false or misleading descriptions of fact in violation of 15 U.S.C. §1125(a);

G.    Entry of judgment finding that Defendant, through its use of the name "Partners Mortgage", has engaged in unfair or deceptive acts or practices in violation of Mass. G.L. Ch. 93A;

H.    Entry of judgment that the unfair or deceptive acts or practices of Defendant were committed willfully or knowingly, and that Plaintiff be awarded up to three times its actual damages together with its costs and attorneys fees as a result of the same;

I.    Entry of judgment requiring Defendant to account to Plaintiff for any and all profits derived by Defendant from the sale of its services and for all damages sustained by Plaintiff by reason of Defendant's infringement and unfair competition complained of herein.

J.    Entry of judgment awarding Plaintiff punitive and exemplary damages due to Defendant's wilful acts and infringement complained of herein.

K.    Entry of judgment awarding Plaintiff its attorney's fees and costs incurred in the prosecution of this action pursuant to the Lanham Act, 15 USC §1117, and pursuant to M.C.L. Ch. 93A, together with such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims or issues so triable.

Dated: November 8, 2004

*[signature: T. C. O'Konski]*

**Thomas C. O'Konski BBO# 378265**
**Cesari and McKenna, LLP**
**Attorneys for Plaintiff**
**SANTA CLARA PARTNERS**
**MORTGAGE CORPORATION**
**88 Black Falcon Ave.**
**Boston, Massachusetts 02210**
**Telephone: (617) 951-2500**
**Facsimile: (617) 951-3927**

**Of Counsel**
**Paul D. Marotta**
**Christopher D. Denny**
**Jennifer Chen**
**The Corporate Law Group**
**500 Airport Blvd., Ste. 120**
**Burlingame, CA 94010**
**Telephone:   (650) 227-8000**
**Facsimile:   (650) 227-8001**